IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRIAN R. KUTACH                                                                                    PLAINTIFF

v.                                    No. 4:15–CV–765-JLH-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                        DEFENDANT

### Recommended Disposition

**Instructions**. The following recommended disposition was prepared for Judge J. Leon Holmes. Either party to this dispute may file written objections to this recommendation. Objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**. Brian R. Kutach seeks judicial review of the denial of his application for disability insurance benefits (DIB).[3] Mr. Kutach last worked in October 2011, as a shift supervisor for a paper manufacturer.[4] His reasons for not working vary.[5] In February 2013, he applied for DIB and alleged disability beginning in October 2011. He based disability on pancreatitis, gout, diabetes, and a motor vehicle accident.[6]

**The Commissioner's decision**. The ALJ identified pancreatitis, gout, diabetes mellitus, and obesity as severe impairments.[7] The ALJ determined that Mr. Kutach could do light work in spite of his impairments.[8] Applying the Commissioner's Medical-Vocational Guidelines, the ALJ denied the application.[9]

After the Commissioner's Appeals Council denied a request for review,[10] the

---

[3]SSA record at p. 152 (applying on Feb. 26, 2013 and alleging disability beginning Oct. 12, 2011).

[4]*Id*. at pp. 187 & 195.

[5]*Id*. at p. 51 (fired for hollering at temp worker and missing work because of illness), p. 182 (just stopped working back then), p. 186 (stopped working due to my condition), p. 403 (hasn't been able to work because of knee problems; lost last job because of absences due to pancreatitis).

[6]*Id*. at p. 186.

[7]*Id*. at p. 37.

[8]*Id*. at p. 38.

[9]*Id*. at p. 42.

[10]*Id*. at p. 1.

decision became a final decision for judicial review.¹¹ Mr. Kutach filed this case to challenge the decision.¹²

**Mr. Kutach's allegations**. Mr. Kutach challenges several aspects of the decision: (1) development of the record, (2) consideration of evidence detracting from ALJ findings, (3) evaluation of credibility, (4) the determination about light work, and (5) application of the Medical-Vocational Guidelines. He maintains that substantial evidence does not support the decision.¹³

**Applicable legal principles**. The court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.¹⁴ For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Mr. Kutach could do light work. "Light work involves lifting no more than 20

---

¹¹*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

¹²Docket entry # 1.

¹³Docket entry # 9.

¹⁴*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

decision became a final decision for judicial review.¹¹ Mr. Kutach filed this case to challenge the decision.¹²

**Mr. Kutach's allegations**. Mr. Kutach challenges several aspects of the decision: (1) development of the record, (2) consideration of evidence detracting from ALJ findings, (3) evaluation of credibility, (4) the determination about light work, and (5) application of the Medical-Vocational Guidelines. He maintains that substantial evidence does not support the decision.¹³

**Applicable legal principles**. The court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.¹⁴ For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Mr. Kutach could do light work. "Light work involves lifting no more than 20

---

¹¹*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

¹²Docket entry # 1.

¹³Docket entry # 9.

¹⁴*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[15] A reasonable mind would accept the evidence as adequate for the following reasons:

> 1. **Medical evidence establishes no disabling symptoms**. A claimant must prove disability with medical evidence; allegations alone are not enough.[16] Medical evidence shows that Mr. Kutach was hospitalized for pancreatitis[17] — inflammation of the pancreas — ten months before he stopped working. Abdominal pain is the major symptom of pancreatitis, but a person may also experience nausea, vomiting, and abdominal swelling.[18] Chronic pancreatitis poses a risk of diabetes. During the hospitalization, Mr. Kutach was diagnosed with diabetes and high

---

[15] 20 C.F.R. § 404.1567(b).

[16] 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[17] SSA record at p. 313.

[18] Rosalyn Carson-DeWitt & Laura Jean Cataldo, Pancreatitis, 6 The Gale Encyclopedia of Med. 3818 (5th ed.).

triglycerides. According to medical providers, pancreatitis might have flowed from high triglycerides.

Seven months later — two months before he stopped working — pancreatitis recurred; Mr. Kutach was hospitalized for five days. According to medical providers, prescribed medication may have caused pancreatitis.[19] Medication was changed.

Mr. Kutach testified that he had pancreatitis flares once or twice a week, but medical evidence does not support this claim.[20] According to agency medical experts, pancreatitis, remote knee surgeries, diabetes, and obesity limited Mr. Kutach to light work.[21] Later medical evidence showed no reason for further reduction.

2. **The ALJ fairly and fully developed the adequate record**. The ALJ must fairly and fully develop the record as to the matters at issue.[22] Kutuach's reasons for disability placed pancreatitis, gout, diabetes, and injuries from a motor vehicle accident at issue, but during the hearing, Mr. Kutach testified about knee problems.[23]

Treatment records addressed pancreatitis, diabetes, and the motor vehicle accident, but not knee problems. The ALJ responded by requesting remote orthopedic treatment records, and ordering a consultative

---

[19]SSA record at p. 299.

[20]*Id*. at pp. 300 & 304 (Aug. 4, 2011: no episode since Jan. 2011 hospitalization), p. 352 (Nov. 2, 2011: short-lived episode three weeks ago), p. 258 (Feb. 20-22, 2012: hospitalization for pancreatitis), p. 279 (Mar. 6, 2012: reporting four to five episodes in past two years), p. 343 (Sept. 12, 2012: still having some recurrent abdominal pain), p. 382 (Sept. 5, 2013: some abdominal discomfort) & p. 415 (June 19, 2014: reporting a bad spell of pancreatitis).

[21]*Id*. at pp. 85 & 96.

[22]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[23]SSA record at pp. 68-70.

orthopedic exam and diagnostic imaging of the knees.[24] Orthopedic treatment records showed remote arthroscopic surgeries.[25] The orthopedic exam was essentially normal.[26] Diagnostic imaging of the knees showed minimal arthritis.[27] According to the examiner, Mr. Kutach should have been able to work; gout in the knees could be controlled by medication.[28]

Despite efforts to develop the record, Mr. Kutach says the ALJ should have done more: order an exam by a gastroenterologist or ask medical providers about his ability to work. The record contained sufficient information to determine whether Mr. Kutach was disabled.[29] The record included an exam by a gastroenterologist.[30] Recent treatment records documented no functional limitation.

3. **Substantial evidence supports the credibility assessment**. Mr. Kutach disagrees with the consideration of his allegations about pain, but the ALJ considered appropriate factors: daily activities, treatment efforts, and objective medical evidence.[31] The record is sufficient to support the ALJ's findings that daily activities suggest no disabling symptoms and objective

---

[24]*Id*. at pp. 71-72.

[25]*Id*. at pp. 386-89 & 391-400 (showing surgeries in 2001 and 2008).

[26]*Id*. at pp. 403-04 (knees lacked 10 degrees of range of motion)

[27]*Id*. at p. 404.

[28]*Id*.

[29]*Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) ("An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped."); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.") .

[30]SSA record at pp. 278-90.

[31]*Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

medical evidence supports the finding that he could do light work.[32]

4. **Vocational evidence supports the decision**. After determining Mr. Kutach could do light work, the ALJ consulted a vocational expert. The vocational expert classified past work: industrial truck operator as semi-skilled medium work; sand steam machinist as skilled medium work; and paper machine supervisor as skilled light work.[33] Based on the classifications, the ALJ should have determined that Mr. Kutach could do his last job as a shift supervisor and denied the application on that basis.[34] Instead, the ALJ appears to have over-looked the classification of the last job and applied the Medical-Vocational Guidelines. Mr. Kutach suggests the mistake entitles him to DIB, but it provides no basis for relief because he can show no harm.[35]

Mr. Kutach can show no harm because: (1) evidence showed he could do his last job, (2) Guideline rule 202.21 directed a finding of "not disabled,"[36] and (3) the vocational expert identified available sedentary work.[37] To the extent he maintains fatigue, medication side effects, difficulty in controlling blood sugar, and pain in the back, knee, and pancreas,

---

[32]SSA record at pp. 39-40.

[33]*Id*. at p. 73.

[34]20 C.F.R. §§ 404.1520(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[35]To show harmful error, the claimant "must provide some indication that the ALJ would have decided differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012).

[36]Rule 202.21 applies to younger individuals with at least a high school education and skilled or semiskilled non-transferable skills.

[37]SSA record at p. 74 (identifying addressing clerk, call-out operator, and peanut sorter as available sedentary jobs). *See also* 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

preclude application of the Guidelines, the argument depends on the credibility of his allegations.  The ALJ had a sufficient basis for discounting the allegations.

**Conclusion and Recommended Disposition**.  Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision.  The ALJ made no harmful legal error.  For these reasons, Mr. Kutach's request for relief (docket entry # 2) should be DENIED and the Commissioner's decision AFFIRMED.

Dated this 29th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE